ELIZABETH FARRELL OBERLIN, OSB No. 011107
Attorney at Law
E-mail address: oberlinlaw@hotmail.com
0324 SW Abernethy Street
Portland, Oregon 97239
Telephone: (503) 277-2087
Facsimile: (503) 357-4181

  Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CHRISTOPHER D. KUBINSKI, | Case No. 3:14-CV-1155 |
| Plaintiff, | **COMPLAINT** |
| v. | 42 U.S.C. § 1983; ORS 659A.203; ORS 659A.199; Breach of Contract |
| MT. HOOD COMMUNITY COLLEGE, GALE BLESSING, an individual, KELLY KEITH, an individual, JOHN SYGIELSKI, an individual, MARC GOLDBERG, an individual, CHRISTIE PLINSKI, an individual, and SHERI MOSER, an individual, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## NATURE OF THE ACTION

1.        Plaintiff brings this action under 42 U.S.C. § 1983 for retaliation in violation of

the First Amendment; under ORS 659A.203 for whistleblowing; under ORS 659A.199 for

COMPLAINT

Page 1 of 12

reporting illegal behavior; for breach of contract; and, under common law wrongful discharge. This Court has jurisdiction of this action because of federal question jurisdiction, pursuant to 28 USC Section 1331. This Court also has pendent jurisdiction over the state law claims.

## JURISDICTION AND VENUE

2.    Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, federal question jurisdiction. This court also has pendent jurisdiction over the state law claims.

3.    Venue is within the District of Oregon pursuant to 28 U.S.C. §1391(b) because the claim arose in this Judicial District and at all relevant times, the parties resided or did business in the State of Oregon.

4.    The Plaintiff made notice of tort claim on Defendants on or about May 30, 2013.

## PARTIES

5.    Plaintiff was hired by Defendant Mt. Hood Community College ("MHCC") in March, 1999. At all relevant times Plaintiff was a resident of the State of Oregon.

6.    MHCC is and was, at all material times, an educational institution conducting business in the State of Oregon. At all material times, MHCC's employees were acting within the course and scope of their employment.

7.    Defendant Gale Blessing ("Blessing") was, at all material times, Director of Human Resources and was acting, at least in part, with a purpose to serve MHCC.

8.    Defendant Kelly Keith ("Keith") was, at all material times, Adult Basic Skills Associate Dean and was acting, at least in part, with a purpose to serve MHCC.

COMPLAINT

ELIZABETH FARRELL OBERLIN
0324 SW Abernethy Street
Portland, OR 97239
(503) 277-2087

9.  Defendant John Sygielski ("Sygielski") was, at all material times, President and was acting, at least in part, with a purpose to serve MHCC.

10.  Defendant Marc Goldberg ("Goldberg") was, at all material times, Department Dean and Plaintiff's direct supervisor and was acting, at least in part, with a purpose to serve MHCC.

11.  Defendant Christie Plinski ("Plinski") was, at all material times, Vice President of Academics and was acting, at least in part, with a purpose to serve MHCC.

12.  Defendant Sheri Moser ("Moser") was, at all material times, Human Resources Senior Administrator and was acting, at least in part, with a purpose to serve MHCC.

## STATEMENT OF FACTS

13.  Plaintiff started working for Respondent in March of 1999 as a Full-Time Instructor. Throughout his employment with MHCC, Plaintiff consistently performed his job duties well and received higher than satisfactory ratings on both teaching and student evaluations.

14.  In October of 2008, Plaintiff complained to Gary DeRoest ("DeRoest"), former Union Grievance Officer, about ongoing harassment by Plaintiff's then supervisor, Dean Joyce Coleman ("Coleman") and about the fact that MHCC was violating the law by seemingly inflating and/or fabricating student attendance data, likely, in order to receive additional State financial reimbursements.

15.  A few months later, Plaintiff raised concerns with and Blessing about the fact that MHCC was not adhering to the requirements of education service contracts with Multnomah County.  Plaintiff also discussed his concerns with County Administrator, Bryan Moore ("Moore"), who had negotiated MHCCs' contracts on behalf of the County.  Blessing

COMPLAINT

Page 3 of 12

ELIZABETH FARRELL OBERLIN
0324 SW Abernethy Street
Portland, OR 97239
(503) 277-2087

reprimanded Plaintiff for speaking with Moore about these issues.

16.   Despite the grievance meeting and Plaintiff's well-evidenced complaints, Coleman continued to harass Plaintiff.  As a direct result of the hostile work environment, Plaintiff suffered extraordinary mental stress and was placed on intermittent medical leave by his physician during the 2008 Fall Term.

17.   On January 21, 2009, Coleman and Moser suspended Plaintiff from work, alleging that he was incompetent and that he had manipulated student attendance lists.  These allegations were unfounded and clearly in retaliation for Plaintiff's complaints about the hostile work environment and MHCC's illegal behavior.

18.   After approximately four months of suspension and investigation, Plaintiff was cleared of any wrongdoing and reinstated to his position.

19.   Two days after returning to work, Plaintiff was laid off when MHCC abruptly cut the education programs he had coordinated and taught in for almost a decade.  Sygielski's decision to unilaterally cut the program was yet another act of retaliation against Plaintiff for raising concerns about MHCC's illegal financial activities.

20.   MHCC failed to adhere to Plaintiff's recall rights under the bargaining agreement. Between May of 2010 and January of 2011:  administrators did not inform Plaintiff of a number of relevant positions and then refused to hire him into any one of three open positions for which he was qualified and available to fulfill.  Instead, MHCC hired less qualified individuals into these open positions.

21.   Plaintiff filed a formal grievance through his union; prevailed in an arbitration; and, was re-hired.  He returned to work on April 7, 2011.

COMPLAINT

ELIZABETH FARRELL OBERLIN
0324 SW Abernethy Street
Portland, OR 97239
(503) 277-2087

22.  Throughout the next year, Plaintiff continued to be subjected to harassing and retaliatory treatment from MHCC's administration.  One example of this treatment occurred when Plinski copied a letter, stating that Plaintiff had been denied tenure, to multiple faculty members, administrators, and MHCC's Board.  Plaintiff had not been denied tenure at that point in time.  The Faculty Association was, at the time, in the midst of negotiations over Plaintiff's tenure status.  The Association justifiably, and pursuant to the Collective Bargaining Agreement (Article 16.C.2), claimed that Plaintiff should have already achieved tenure status.  Plinski's letter cast doubt on Plaintiff's professional competency and undermined the negotiation process.  On March 14, 2012, MHCC's Board denied Plaintiff  tenure.  Goldberg supported the decision to deny Plaintiff tenure and did nothing to intervene on behalf of Plaintiff.

23.  On March 26, 2012, Plinski notified Plaintiff of MHCC's intent to fire Plaintiff at the end of the spring term.  As a result of this notice and the years of harassing and retaliatory behavior to which Plaintiff had been subjected, he suffered a series of panic attacks, depression, related physical illness, and general distress, which required medical attention.  At the direction of his physician, Plaintiff took medical leave, beginning April 6, 2012.

24.  Plaintiff filed a grievance for retaliatory wrongful dismissal without cause or due process.  A few days prior to the scheduled arbitration, on December 6, 2012, Plaintiff entered into a Settlement Agreement ("Agreement") with MHCC.  Under the terms of the Agreement, MHCC agreed to rescind the dismissal and reinstate Plaintiff, beginning on April 1, 2013 (start of the Spring Term).  MHCC also agreed that Plaintiff's employment was retroactively continued from the time he was fired in June of 2012; thereby, eliminating any gaps in his employment history, seniority, and medical leave status.

COMPLAINT

ELIZABETH FARRELL OBERLIN
0324 SW Abernethy Street
Portland, OR 97239
(503) 277-2087

25.  In reliance on the Agreement, Plaintiff, who is a Canadian citizen, initiated the process of obtaining his U.S. work visa in February of 2013.  As part of this process, Plaintiff submitted an offer of employment letter for the Spring Term from Blessing.  Plaintiff received his U.S. work authorization from the Department of Homeland Security and the U.S. Citizenship and Immigration Services on March 20, 2013, which permitted him to begin work in the U.S., beginning April 1, 2013, but not before this date.

26.  Also, in February of 2013, Plaintiff submitted a report to the Oregon Secretary of State Auditors Department, detailing what he believed to be financial misreporting by MHCC.  A few days later, on February 26th, Keith wrote to Plaintiff to inform him that employment may not be available to him on April 1st and that his return to work was now conditioned on the completion of Oregon Pathways Adult Basic Skills training prior to the beginning of the Spring term.  This condition of Plaintiff's return to work was a clear breach of the Agreement, which provided that he would be on approved leave until April 1st, at which time he would be reinstated and any requisite training would be provided by MHCC upon his return to work.

27.  On March 8th, Keith informed Plaintiff that he could participate in the Oregon Pathways Adult Basic Skills training starting March 13th and continuing into the following week.  Plaintiff was still on approved medical leave at the time, and he did not have legal authorization to work, train, or be paid by a U.S. entity until April 1st.

28.  On March 22nd, Sharon Gattman ("Gattman"), Human Resources Generalist, sent Plaintiff an e-mail stating that MHCC had nullified Plaintiff's U.S. employment documentation.  As Plaintiff already had his work visa, he reported to work on April 1st, pursuant to the terms of the Agreement.  He met with Blessing, Gattman, and Sara Williams ("Williams"), Faculty

COMPLAINT

ELIZABETH FARRELL OBERLIN
0324 SW Abernethy Street
Portland, OR 97239
(503) 277-2087

Association President.  Blessing informed Plaintiff that MHCC was unable to offer Plaintiff a teaching assigning or any training in order to reinstate him. Blessing refused to discuss any options which would enable Plaintiff to return to work.  Goldberg did nothing to intervene on behalf of Plaintiff and supported the decision not to reinstate Plaintiff.

## FIRST CLAIM FOR RELIEF
(42 U.S.C. § 1983 - Retaliation in Violation of the First Amendment)
(Against all Defendants)

29.  Plaintiff realleges and incorporates by reference paragraphs 1 through 28, above.

30.  Plaintiff reported that MHCC was engaging in illegal practices, as alleged above in paragraph 14, 15, and 26, by inflating and/or fabricating student attendance data in order to receive additional State financial reimbursements and not adhering to the requirements of education service contracts with Multnomah County.

31.  Plaintiff's constitutionally protected expression, as described in paragraphs 14, 15, and 26, above, was a substantial or motivating factor in Defendants' decision to not allow Plaintiff to return to work pursuant to the Agreement and to subject Plaintiff to a hostile work environment.  At all relevant times, Defendants were acting under color of state law, for the improper purpose of curbing Plaintiff's exercise of his right to free speech, as guaranteed by the First Amendment.

32.  The actions of Blessing, Keith, Sygielski, Goldberg, Plinski, and Moser represented official policies, practices, customs, and usages of MHCC.

33.  In the alternative, MHCC was aware of the actions of Blessing, Keith, Sygielski, Goldberg, Plinksi, and Moser and approved of the unconstitutional basis for the actions.

//

COMPLAINT

ELIZABETH FARRELL OBERLIN
0324 SW Abernethy Street
Portland, OR 97239
(503) 277-2087

34. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered lost income and benefits and will continue to suffer lost income and benefits, including prejudgment interest, all to his economic damages in an amount to be determined at trial.

35. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer from emotional distress, anxiety, humiliation, embarrassment, damage to his professional reputation, and diminished earning capacity, and is entitled to an award of compensatory damages in an amount to be determined at trial.

36. To the extent that Blessing was acting in her individual capacity, her conduct as described herein was intentional, willful, malicious and reckless. Plaintiff is entitled to an award of punitive damages against Blessing in her individual capacity in an amount to be determined at trial.

37. To the extent that Keith was acting in her individual capacity, her conduct as described herein was intentional, willful, malicious and reckless. Plaintiff is entitled to an award of punitive damages against Keith in her individual capacity in an amount to be determined at trial.

38. To the extent that Sygielski was acting in his individual capacity, his conduct as described herein was intentional, willful, malicious and reckless. Plaintiff is entitled to an award of punitive damages against Sygielski in his individual capacity in an amount to be determined at trial.

39. To the extent that Goldberg was acting in his individual capacity, his conduct as described herein was intentional, willful, malicious and reckless. Plaintiff is entitled to

ELIZABETH FARRELL OBERLIN
0324 SW Abernethy Street
Portland, OR 97239
(503) 277-2087

an award of punitive damages against Goldberg in his individual capacity in an amount to be determined at trial.

40.  To the extent that Plinski was acting in her individual capacity, her conduct as described herein was intentional, willful, malicious and reckless.  Plaintiff is entitled to an award of punitive damages against Plinski in her individual capacity in an amount to be determined at trial.

41.  To the extent that Moser was acting in her individual capacity, her conduct as described herein was intentional, willful, malicious and reckless.  Plaintiff is entitled to an award of punitive damages against Moser in her individual capacity in an amount to be determined at trial.

42.  Pursuant to 42 U.S.C. §1988, Plaintiff is entitled to an award of reasonable attorney's fees, expert fees and costs incurred herein.

### SECOND CLAIM FOR RELIEF
(ORS 659A.203 - Whistleblowing)
(Against MHCC)

43.  Plaintiff realleges and incorporates paragraphs 1 through 28, above.

44.  MHCC violated ORS 659A.203 when it refused to return Plaintiff to work and when it subjected Plaintiff to a hostile work environment, in substantial part, in retaliation for Plaintiff's opposition to MHCC's illegal financial practices, as alleged above in paragraphs 14, 15, and 26.

//

//

COMPLAINT

Page 9 of 12

ELIZABETH FARRELL OBERLIN
0324 SW Abernethy Street
Portland, OR 97239
(503) 277-2087

45.  As a direct and proximate result of the MHCC's conduct, Plaintiff had suffered lost income and will continue to suffer lost income, including prejudgment interest, all to his economic damages in an amount to be determined at trial.

46.  As a direct and proximate result of MHCC's conduct, Plaintiff has suffered, and will continue to suffer, from emotional distress, anxiety, humiliation, embarrassment, damage to his professional reputation, and diminished earning capacity, and is entitled to an award of compensatory damages in an amount to be determined at trial.

47. Pursuant to ORS 659A.885(1) and 20.107, Plaintiff is entitled to an award of attorney's fees, expert fees and costs incurred herein.

## THIRD CLAIM FOR RELIEF
(Violation of ORS 659A.199)
(Against MHCC)

48.  Plaintiff realleges and incorporates paragraphs 1 through 28, above.

49.  MHCC violated ORS 659A.199 when it refused to return Plaintiff to work and when it subjected Plaintiff to a hostile work environment, in substantial part, in retaliation for Plaintiff having reported, in good faith, what he believed was evidence of MHCC's illegal activity in the form of inappropriate financial practices, as alleged above in paragraphs 12, 13, and 24.

50.  As a direct and proximate result of the MHCC's conduct, Plaintiff had suffered lost income and will continue to suffer lost income, including prejudgment interest, all to his economic damages in an amount to be determined at trial.

51.  As a direct and proximate result of MHCC's conduct, Plaintiff has suffered, and will continue to suffer, from emotional distress, anxiety, humiliation, embarrassment, damage to his

COMPLAINT

Page 10 of 12

ELIZABETH FARRELL OBERLIN
0324 SW Abernethy Street
Portland, OR 97239
(503) 277-2087

professional reputation, and diminished earning capacity, and is entitled to an award of compensatory damages in an amount to be determined at trial.

52. Pursuant to ORS 659A.885(1) and 20.107, Plaintiff is entitled to an award of attorney's fees, expert fees and costs incurred herein.

## FOURTH CLAIM FOR RELIEF
(Breach of Contract)
(Against MHCC)

53.  Plaintiff realleges and incorporates by reference paragraphs 1 through 28, above.

54.  At the time Plaintiff accepted MHCC's offer to settle his grievance, as outlined above in paragraph 22, Plaintiff entered into an Agreement with MHCC, which required that MHCC return him to work.

55.  MHCC refused to return Plaintiff to work in breach of the Agreement, as alleged above in paragraphs 25 through 28.

56.  Plaintiff has performed all conditions to be performed under the Agreement or all such conditions have been excused.

57. As a direct result of the MHCC's breach of Agreement, Plaintiff has been damaged in an amount to be determined at trial.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised by this Complaint.

//

//

COMPLAINT

ELIZABETH FARRELL OBERLIN
0324 SW Abernethy Street
Portland, OR 97239
(503) 277-2087

WHEREFORE, Plaintiff prays for the relief requested in each of his claims for relief and for such other relief as the Court deems just and appropriate.

DATED this 19th day of July 2014.

 /s/ Elizabeth Farrell Oberlin
Elizabeth Farrell Oberlin OSB No. 011107
Of Attorneys for Plaintiff

COMPLAINT

ELIZABETH FARRELL OBERLIN
0324 SW Abernethy Street
Portland, OR 97239
(503) 277-2087